Ingrid CRUZ–AGUILAR, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–71624.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**742**

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia E. Hurt, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Ingrid Cruz–Aguilar, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT") and the BIA's order denying her motion to remand based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of asylum, withholding and CAT, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) and we review for abuse of discretion the IJ's denial of a motion to continue proceedings, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004). We review for abuse of discretion the denial of a motion to remand and review de novo claims of due process violations in removal proceedings, including

claims of ineffective assistance of counsel. *See Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Cruz–Aguilar failed to establish that the harassment she suffered amounted to past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (noting "it is significant that the [petitioner] never suffered any significant physical violence"). Substantial evidence also supports the agency's finding that Cruz–Aguilar does not have a well-founded fear of persecution because she failed to demonstrate internal relocation was not reasonable. *See* 8 C.F.R. § 1208.13(b)(3)(i). Further, Cruz–Aguilar failed to establish her claim for asylum is based on a protected ground. *See Kozulin v. INS*, 218 F.3d 1112, 1116–17 (9th Cir. 2000).

The IJ did not abuse his discretion in denying Cruz–Aguilar's motion for a continuance. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (a decision to grant a motion for continuance will only be overturned upon a showing of an abuse of discretion). Contrary to Cruz–Aguilar's contention, the proceedings were not "so fundamentally unfair that she was prevented from reasonably presenting her case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

We agree with the BIA that the performance of Cruz–Aguilar's two prior attorneys did not result in prejudice, and thus her claim of ineffective assistance of counsel fails. *See Iturribarria v. INS*, 321 F.3d 889, 899–90 (9th Cir.2003) (to prevail on an ineffective assistance of counsel

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claim, a petitioner must demonstrate that counsel's conduct was so inadequate that it may have affected the outcome of the proceedings).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.